### BRAINARD *v.* HOLSAPLE.

Where a petition prays for the rescission of a contract, but the *gravamen* of the petition is the failure of the defendant to pay for land, as stipulated in the contract; and where the petition avers neither fraud in the contract, nor the insolvency of the purchaser, so as to give the court jurisdiction in chancery, it should be dismissed for want of equity.

Where a petition shows a case in which a perfect remedy would be afforded by a court of law, it cannot claim that relief which can only be awarded by a court of equity.

The cases in which equity relieves by setting aside deeds, contracts, &c., are founded upon actual fraud in the defendant, or upon constructive fraud against public policy.

A petition in equity must show a right to relief beyond the mere breach of a contract, which would confer a right of action at law.

Although the rescission of a contract is the converse of a specific performance, still such rescission requires a stronger cause, ordinarily, than to resist a specific performance,

### Appeal from Jackson District Court.

*Opinion by* GREENE, J.   In this case, Lorenzo D. Brainard filed his petition praying the rescission of a contract for the sale of land which he, as vendor, had made to the defendant, John A. Holsaple.   The most prominent fea-

Brainard *v.* Holsaple.

tures of the bill consist in minute averments as to the manner in which the defendant had failed, on his part, to comply with the terms and conditions of the contract, showing as alleged, that defendant had failed to do those things which he had promised to do in payment of the lands.

To this petition defendant demurred, and the demurrer was sustained. Several causes of demurrer are assigned, but they mostly resolve themselves into one, to wit: The plaintiff had under his contract, a plain and adequate remedy at law.

The *gravamen* of the petition is the failure of the defendant to pay for the land as stipulated in the contract. It seeks to recover damages for a breach of contract. It shows a complete case at law, but furnishes no foundation for equity jurisdiction. It shows no equity under specific allegations of fraud. It avers nothing like insolvency or inability to pay on the part of the vendee. It shows merely a sale of land to be paid for partly in work and partly in cash; that only a portion of the work had been done, and that so imperfectly as to be of no value; that one cash payment had fallen due, and had not been paid; and that plaintiff had suffered damages to the amount of seven hundred and twenty-five dollars, and claims to recover accordingly.

The petition furnishes no foundation for equity jurisdiction, and still in claiming a rescission of the contract, it prays the equity side of the court for relief. Where a petition shows a case in which a perfect remedy was to be afforded at law, it cannot claim that relief which can only be awarded by a court of equity.

In an appropriate case, when a court of chancery acquires jurisdiction, a contract may be cancelled; but such jurisdiction cannot be acquired in a case like the present, where no fraud is charged, and in which the petition alleges a state of facts, and a claim for damages, which can be fully relieved at law.

The cases in which equity relieves, by setting aside or rescinding deeds, obligations or contracts, are founded upon actual fraud in the defendant, in obtaining the obligation or contract, or upon constructive fraud against public policy. Unless a petition presents such a case—unless it shows *prima facie*, that the defendant is not entitled to the instrument against which relief is sought, it clearly follows that the petition cannot be entertained by a court of equity. The petition must show a right to relief beyond the mere breach of a contract which would confer a right of action at law.

Although the cancellation of a contract is the converse of a specific performance, still it is generally agreed that to justify the cancellation requires a stronger case than to resist a specific performance. Now, it cannot be pretended that the petitioner could resist a specific performance of the contract set out in the petition in this case, on payment of the price of the land stipulated in the agreement.

The petition in this case, is dismissed without prejudice.

Decree affirmed.

*Smith*, *McKinlay* and *Poor*, for appellant.

*D. F. Spurr*, for appellee.